UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-637-RJC

| ANTHONY CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| JOHN DOE, Physician, Carolinas Medical Center, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983, filed on December 16, 2011. (Doc. No. 1).

## I. BACKGROUND

Plaintiff alleges that on November 9, 2007, while he was being discharged from the Carolinas Medical Center, he informed Defendant, the treating physician, that the bottom of his right foot felt very painful. (Id. at 4). Plaintiff alleges that Defendant told him that there was nothing in his foot and released him to be taken to Central Prison. (Id. at 4). However, Plaintiff alleges that after being at Central Prison for approximately one month, his "body started to push the bullet out . . . ." (Id.). Plaintiff reports that the bullet eventually was removed; that he has since learned that he has several more bullets in his body; and that the bullets have caused him to contract lead poisoning. (Id.). Consequently, Plaintiff alleges that Defendant is liable to him for "medical malpractice, carelessness and negligence." (Id.). Plaintiff seeks a preliminary injunction ordering Defendant to provide the necessary treatment and medication. (Id.).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal

law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." Jones v. Bock, 549 U.S. 199, 215 (2007). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground . . . ." Id. Indeed, as the Fourth Circuit Court of Appeals has reiterated, the law has "permitted sua sponte consideration of the statute of limitations when such a defense plainly appears on the face of . . . a complaint filed in

forma pauperis pursuant to 28 U.S.C. § 1915." Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (citing Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## III. DISCUSSION

There is no federal statute of limitations for claims brought under § 1983; therefore, the federal courts generally apply the relevant state statute of limitations governing personal injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Plaintiff's allegations. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996).

According to Plaintiff's Complaint, Defendant failed to properly diagnose and treat Plaintiff for his gunshot wounds on November 9, 2007. (Doc. No. 1 at 4). Therefore, Plaintiff was required to file the instant civil rights action against Defendant no later than November 9, 2010. Because Plaintiff did not file this action until December 16, 2011, his allegations are time-barred and his Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

Even if Plaintiff's allegations could state a cognizable claim for relief under § 1983, they are barred by the applicable three-year statute of limitations. N.C. Gen. Stat. § 1-52(5).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is

**DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: December 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge